**In re Debbie Jean JONES, Debtor.**

**Alvin JONES and John Mantooth, Plaintiffs–Appellees,**

v.

**Debbie Jean JONES, Defendant– Appellant.**

No. 92–6382.

United States Court of Appeals, Tenth Circuit.

Nov. 16, 1993.

John Mantooth, Purcell, OK, for plaintiffs-appellees.

Kevyn Gray Mattax of Laird & Mattax, Oklahoma City, OK, for defendant-appellant.

Before LOGAN and BRORBY, Circuit Judges, and KANE,* District Judge.

BRORBY, Circuit Judge.

Debtor Debbie Jean Jones appeals an order of the district court reversing the judgment of the bankruptcy court which had held certain court-ordered attorney's fees incurred by Alvin Jones, dischargeable in Mrs. Jones' bankruptcy proceedings, 161 B.R. 523. We exercise jurisdiction pursuant to 28 U.S.C. § 158(d) and affirm.[1]

Initially, we question whether we have jurisdiction over this appeal. *See McGeorge v. Continental Airlines, Inc.,* 871 F.2d 952, 953 (10th Cir.1989) (court has duty to inquire into its own jurisdiction). In its order, the district court remanded this case for further proceedings. If that remand required significant further proceedings,[2] it cannot be considered final and immediately appealable. *See Homa Ltd. v. Stone (In re Commercial Contractors, Inc.),* 771 F.2d 1373, 1375 (10th Cir.1985). However, if the bankruptcy court had only "to effectuate a ministerial task, or conduct additional proceedings involving little judicial discretion,

---

* Honorable John L. Kane, Jr., Senior District Judge, United States District Court for the District of Colorado, sitting by designation.

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

2. A remand for significant further proceedings includes one requiring de novo hearings, additional findings of fact concerning the dispositive issue in the case, or a determination of the amount of a claim.. *See Balcor Pension Investors V v. Wiston XXIV Ltd. Partnership (In re Wiston XXIV Ltd. Partnership),* 988 F.2d 1012, 1013 (10th Cir.1993).

the district court's order will be considered final." *Wiston XXIV Ltd. Partnership,* 988 F.2d at 1013. Here, the bankruptcy court had only to enter an order holding the attorney's fees to be a nondischargeable debt. Because this task involved little judicial discretion, we hold we have jurisdiction over this appeal.

The debt at issue arose from post-divorce custody proceedings between Mr. and Mrs. Jones. In 1985, when the Jones divorced, they shared joint custody of their two boys. Later, the boys went to live with their father full-time and the parties shared expenses equally. No court-ordered child support was in effect until 1987, when Mrs. Jones was ordered to pay child support and to carry health insurance for the boys.

In 1990, Mr. Jones, asserting Mrs. Jones was approximately $700.00 in arrears, filed a notice of delinquency along with a wage assignment. Mrs. Jones then filed a motion to modify custody. Mr. Jones, represented by appellee John Mantooth, contested the motion. The state court denied Mrs. Jones' motion for custody and ruled she was to pay all court costs and attorney's fees incurred by Mr. Jones in defending the motion. This amount was $6,000.00.

Mrs. Jones declared bankruptcy. The bankruptcy court ruled that the attorney's fees and costs were fully dischargeable pursuant to 11 U.S.C. § 523(a)(5).[3] The court noted the fees were incurred in a custody action and held that a custody action is separate from a support action and, thus, is not excepted from discharge pursuant to § 523.

The district court reversed, holding that "the determination of child custody is essential to the children's proper 'support' and that attorney's fees incurred in custody modification proceedings should likewise be considered as obligations of support." Appellant's App. at 26. On appeal to this court, Mrs. Jones argues the bankruptcy court correctly ruled the custody action was a separate action from one for support and, therefore, the attorney's fees are dischargeable.

We review the bankruptcy court's rulings of law de novo and its factual findings under the clearly erroneous standard. *Dorr, Bentley & Pecha, CPA's, P.C. v. Pasek, (In re Pasek),* 983 F.2d 1524, 1526 (10th Cir. 1993). Whether a court-ordered obligation to pay attorney's fees incurred in connection with a custody dispute falls within the parameters of § 523(a)(5) is an issue of federal law. *See Sampson v. Sampson (In re Sampson),* 997 F.2d 717, 721 (10th Cir.1993). State law does provide guidance as to whether a debt is to be considered in the "nature of support." *Yeates v. Yeates (In re Yeates),* 807 F.2d 874, 878 (10th Cir.1986). However, "a debt could be in the 'nature of support' under section 523(a)(5) even though it would not legally qualify as alimony or support under state law." *Id.*

Because the purpose of bankruptcy is to provide the debtor a "fresh start," statutory exceptions to discharge have been narrowly limited to those areas in which "Congress evidently concluded that the creditors' interest in recovering full payment of debts ... outweighed the debtors' interest in a complete fresh start." *See Grogan v. Garner,* 498 U.S. 279, 287, 111 S.Ct. 654, 659, 112 L.Ed.2d 755 (1991). Further, the objector to discharge has the burden of proving by a preponderance of the evidence that a debt is not dischargeable. *Id.* at 291.

Congressional policy concerning § 523(a)(5) "has always been to ensure that genuine support obligations would not be discharged." *Shine v. Shine,* 802 F.2d 583, 588 (1st Cir.1986); *see also Wetmore v. Markoe,* 196 U.S. 68, 77, 25 S.Ct. 172, 176, 49 L.Ed. 390 (1904) ("Unless positively required by direct enactment the courts should not presume a design upon the part of Congress, in relieving the unfortunate debtor, to make the law a means of avoiding enforcement of the obligation, moral and legal, devolved upon the [parent] to ... maintain and educate his

---

**3.** Section 523(a)(5) provides that a debt incurred "to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record" shall not be dischargeable to the extent that the debt "is actually in the nature of alimony, maintenance, or support."

[or her] children."). The circuits have split on the issue of whether a post-divorce child custody action is properly considered to be in the nature of support.

In *Dvorak v. Carlson (In re Dvorak)*, 986 F.2d 940, 941 (5th Cir.1993), the Fifth Circuit held court-ordered attorney's fees incurred during a post-divorce custody dispute to be nondischargeable. The court reasoned that the custody hearing was for the child's "benefit and support, as the purpose of the hearing was to determine who could provide the best home for her." *Id.* at 941. Thus, the debt was subject to § 523(a)(5).

Similarly, in *Peters v. Hennenhoeffer (In re Peters)*, 964 F.2d 166, 167 (2d Cir.1992), the Second Circuit held attorney's fees incurred by the attorney appointed to represent the debtor's minor son in a custody dispute to be nondischargeable. In so holding, the court relied on the district court's opinion, *Peters v. Hennenhoeffer (In re Peters)*, 133 B.R. 291 (S.D.N.Y.1991) (affirming the bankruptcy court's determination). The district court held that "to determine dischargeability the court [must] examine the actual nature of the obligation which has been designated as child support." *Id.* at 295 (citation omitted). The district court noted that, generally, "fees incurred on behalf of a child are nondischargeable because they are deemed to be support when those fees are inextricably intertwined with proceedings affecting the welfare of a child." *Id.* (citations omitted).

Conversely, the Eighth Circuit in *Adams v. Zentz*, 963 F.2d 197, 199 (8th Cir.1992), held a debt for attorney's fees incurred in litigating custody and visitation issues to be dischargeable. The court held that in "deciding whether to characterize an award as maintenance or support 'the crucial issue is the function the award was intended to serve.'" *Id.* at 200 (quoting *Williams v. Williams (In re Williams)*, 703 F.2d 1055, 1056 (8th Cir.1983)). The court held that this issue was one of fact to be determined by the bankruptcy court. *Id.* The court did not find clearly erroneous the bankruptcy court's findings that neither parent posed a threat to the child's health or welfare, but both parents were, in fact, "fit and adequate parents." *Id.* The court concluded that the state court's determination was not based on a consideration of the child's welfare, but rather on the father's need to maintain his relationship with his daughter in light of the mother's attempts to frustrate the father's custody and visitation rights by instilling hatred and disrespect for her father in the child. The court held the debt to be dischargeable because the custody action was not an action focused upon the child's welfare. *See Id.* at 201.

We reject the Eighth Circuit's directive that the bankruptcy court must look at the purpose behind the custody action and examine whether that action was held in order to determine the best interests of the child. In our view, in all custody actions, the court's ultimate goal is the welfare of the child.

Further, to require the court to determine the purpose of the custody action could require extensive hearings and fact-findings into the parties' subjective motivations which is more appropriate to the state court than a bankruptcy court. Here, Mr. Jones argues that Mrs. Jones' motivation for attempting to obtain custody of the children was to avoid paying child support. The state court made no findings on this issue and it is clearly one inappropriate for determination by the bankruptcy court. We agree that

> the best interest of the child is an inseparable element of the child's "support"—put another way, 11 U.S.C. § 523(a)(5) should be read as using the term "support" in a realistic manner; the term should not be read so narrowly as to exclude everything bearing on the welfare of the child but the bare paying of bills on the child's behalf.
>
> Since determination of child custody is essential to the child's proper "support," attorney fees incurred and awarded in child custody litigation should likewise be considered as obligations for "support," at least in the absence of clear indication of special circumstances to the contrary.

*Holtz v. Poe (In re Poe)*, 118 B.R. 809, 812 (Bankr.N.D.Okla.1990).

We hold that the term "support" as used in § 523(a)(5) is entitled to a broad application. *Cf. Yeates*, 807 F.2d at 878 (debt

could be considered in "nature of support" under federal bankruptcy law, even though it would not qualify as support under state law). Generally, custody actions are directed towards determining which party can provide the best home for the child and are, therefore, held for the child's benefit and support. Therefore, in order that genuine support obligations are not improperly discharged, we hold that the term "support" encompasses the issue of custody absent unusual circumstances not present here. Consequently, court-ordered attorney's fees arising from post-divorce custody actions are deemed in the nature of support under § 523(a)(5) as being incurred on behalf of the child. This debt is nondischargeable.

The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.