19 F.3d 34
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 In re Robert T. STEPHAN, Debtor.
Marcia TOMSON, Appellant,
v.
Robert T. STEPHAN, Appellee.
 No. 93-3026.
 United States Court of Appeals, Tenth Circuit.
 Feb. 24, 1994.
 
 ORDER AND JUDGMENT[1]
 Before BALDOCK, BARRETT, and McKAY, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Creditor-appellant Marcia Tomson appeals from an order of the district court which affirmed the bankruptcy court's denial of her objections under 11 U.S.C. 727(a) to the discharge of debtor-appellee Robert T. Stephan. We exercise jurisdiction under 28 U.S.C. 158(d) and 1291, and affirm.
 
 
 3
 Ms. Tomson obtained a $200,000 judgment against Mr. Stephan in November of 1988. In March of 1989, Mr. Stephan filed for bankruptcy under Chapter 7. In this adversary proceeding, Ms. Tomson seeks a determination that because Mr. Stephan fraudulently transferred assets of the estate and made false statements under oath materially related to the bankruptcy, see 11 U.S.C. 727(a)(2) and (a)(4), he should be denied a discharge.
 
 
 4
 The matter was tried to the bankruptcy court, which found that the challenged transfers were not fraudulent and the challenged oaths were not false. The bankruptcy court therefore denied Ms. Tomson's objections to Mr. Stephan's discharge.
 
 
 5
 The district court carefully considered the arguments raised by Ms. Tomson in the first six of the eight issues she raises on appeal. In its Memorandum and Order entered January 19, 1993, the district court determined that the challenged factual findings of the bankruptcy court were not clearly erroneous. See Jones v. Jones (In re Jones), 9 F.3d 878, 880 (10th Cir.1993)(factual findings of bankruptcy court are reviewed for clear error).
 
 
 6
 With regard to her first six issues, Ms. Tomson makes the same arguments on appeal as in the district court. We have carefully considered them and have reviewed the record. We find no clear error and affirm for substantially the same reasons as set forth by the district court in its well-written and thorough Memorandum and Order entered January 19, 1993.
 
 
 7
 Ms. Tomson's seventh and eighth issues were not discussed by the district court in its Memorandum and Order, and Ms. Tomson does not point out where she raised these issues below. Because this court does not ordinarily consider issues raised for the first time on appeal, we will not address Ms. Tomson's seventh and eighth issues. Dais-Naid, Inc. v. Phoenix Resource Companies, Inc. (In re Texas Int'l Corp.), 974 F.2d 1246, 1247 n. 3 (10th Cir.1992).
 
 
 8
 The judgment of the United States District Court for the District of Kansas is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470