**In re Paula Joann LOWTHER, Debtor.**

**Neal Lowther, Plaintiff—Appellee,**

v.

**Paula Joann Lowther, Defendant— Appellant.**

**BAP No. WO–00–075. Bankruptcy No. 00–10566. Adversary No. 00–1112.**

United States Bankruptcy Appellate Panel for the Tenth Circuit.

Aug. 27, 2001.

Submitted on the briefs: * Charles L. Hill, Norman, Oklahoma, for Plaintiff—Appellee.

Paul Streck of Streck & Associates, Edmond, Oklahoma, for Defendant—Appellant.

Before PUSATERI, ROBINSON, and KRIEGER, Bankruptcy Judges.

OPINION

ROBINSON, Bankruptcy Judge.

Debtor Paula Lowther ("the Debtor") appeals a bankruptcy court order determining that her obligation to pay attorney fees incurred by her ex-husband is nondischargeable under 11 U.S.C. § 523(a)(5).[1] We reverse.

## I. Jurisdiction and Standard of Review.

A bankruptcy appellate panel, with the consent of the parties, has jurisdiction to hear appeals from final judgments, orders, and decrees of bankruptcy judges within this circuit. 28 U.S.C. § 158(a), (b)(1), (c)(1). As none of the parties have opted to have this appeal heard by the District Court for the Western District of Oklahoma, they are deemed to have consented to jurisdiction. 10th Cir. BAP L.R. 8001–1(d).

■ The Bankruptcy Appellate Panel may affirm, modify or reverse a bankruptcy court's judgment, order or decree, or remand with instructions for further proceedings. Findings of fact shall not be set aside unless clearly erroneous. Fed. R. Bankr.P. 8013; *see First Bank v. Reid (In re Reid)*, 757 F.2d 230, 233–34 (10th Cir. 1985). Conclusions of law are reviewed *de novo*. *Pierce v. Underwood*, 487 U.S. 552, 558, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988).

## II. Background.

Neal Lowther ("Lowther") filed for divorce from Debtor in 1997. The proceedings were protracted over two years. A hearing was held in June 1999 to resolve the merits of the divorce. Support was not an issue at the hearing, having been determined by the child-support guidelines based on the parties' relative incomes. Lowther's gross monthly income was $1,400, and Debtor's was $893, based on minimum wage.

Custody of the couple's minor child was the major issue decided that day. The state court, after admonishing Debtor for alienating the child from Lowther and interfering with his visitation rights, ordered that primary custody remain with Debtor, with Lowther to receive liberal visitation. The court stated that Debtor was 60% at fault regarding alienation, Lowther was 30% at fault, and the child was 10% at fault. The court stressed that it was "on the bubble" regarding custody but did not wish to disrupt the child's life by changing

---

* After examining the briefs and appellate record, the Court has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. Bankr.P. 8012; 10th Cir. BAP L.R. 8012–

1(a). The case is therefore ordered submitted without oral argument.

1. Future references are to Title 11 of the United States Code unless otherwise indicated.

custody. The court deferred ruling on attorney fees and costs at that time.

In October 1999, the state court entered an order awarding Lowther attorney fees in the amount of $9,000, although he had requested fees in excess of $17,000, and costs in the amount of $303.05. There does not appear to have been a hearing. The order contains no findings of fact nor discussion of the court's reasoning, but the order references the parties' stipulation of facts, which they have neglected to include in the record on appeal.

Debtor filed chapter 7 proceedings in January 2000. Lowther filed an adversary seeking to have the attorney fees deemed nondischargeable under § 523(a)(5). A trial was conducted in October 2000. The only witnesses called were Debtor and Lowther, who agreed that the custody dispute had consumed 90% of the divorce proceedings. Debtor testified that she operated a home day care and earned approximately $340 per month caring for one child, although she had cared for as many as four children at one time. Lowther pays $167 per month for child support, and Debtor receives child support of $125 for a child by another man. Debtor receives food stamps and testified that her expenses exceeded her income and that she does not have the means to pay the attorney fees. Lowther testified that the protracted dispute over visitation and custody was caused in large part by Debtor's actions. He further testified that two guardians ad litem had recommended that he be granted custody, and he had incurred the extensive legal fees fighting for custody of his child.

The bankruptcy court held that the attorney fees are nondischargeable, citing as controlling the Tenth Circuit decision in *Jones v. Jones (In re Jones)*, 9 F.3d 878 (10th Cir.1993). The court held that under *Jones*, the term support is broadly construed and encompasses issues of child custody absent unusual circumstances. The court rejected Debtor's argument that this case involves unusual circumstances because she is the custodial parent and the *Jones* case involved a non-custodial parent attempting to discharge the attorney fees. The court found that *Jones* did not draw any distinction between custodial and non-custodial status and that it did not have a basis upon which to make an exception to the rule. Because the parties agreed that 90% of the divorce proceeding related to custody, the court reduced the fees and costs awarded by 10% to $8,372.75. The balance of $930.30 was discharged because it fell within § 523(a)(15)(B).[2]

This appeal followed.

## III. Discussion.

■ Section 523(a)(5) excepts from discharge any debt "to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child ...." 11 U.S.C. § 523(a)(5). Whether a court-ordered obligation to pay attorney's fees incurred in connection with a custody dispute falls within the parameters of § 523(a)(5) is an issue of federal law, which we review *de novo*. *Miller v. Gentry (In re Miller)*, 55 F.3d 1487, 1489 (10th Cir.1995) (citing *Jones*, 9 F.3d at 880). State law may provide guidance as to whether a debt is to be considered "in the nature of support." *Yeates v. Yeates (In re Yeates)*, 807 F.2d 874, 878 (10th Cir.1986). However, "a debt could be in the 'nature of support'

**2.** Section 523(a)(15) excepts from discharge debts incurred in the course if a divorce "unless... (B) discharging such debt would result in a benefit to the debtor that outweighs the detrimental consequences to a spouse, former spouse, or child of the debtor ...." 11 U.S.C. § 523(a)(15)(B).

under section 523(a)(5) even though it would not legally qualify as alimony or support under state law." *Id.*

■ Because the purpose of bankruptcy is to provide the debtor a "fresh start," statutory exceptions to discharge have been narrowly limited to those areas in which "Congress evidently concluded that the creditors' interest in recovering full payment of debts ... outweighed the debtors' interest in a complete fresh start." *Grogan v. Garner,* 498 U.S. 279, 287, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). The policy underlying § 523(a)(5) favors enforcement of familial support obligations over a fresh start for the debtor. *Sampson v. Sampson (In re Sampson),* 997 F.2d 717, 722 (10th Cir.1993). However, the objector to discharge has the burden of proving by a preponderance of the evidence that a debt is not dischargeable. *Jones,* 9 F.3d at 880.

In *Jones,* the Tenth Circuit considered whether a debtor's court-ordered obligation to pay attorney fees incurred by his or her ex-spouse in connection with a custody dispute was covered by this provision. *Id.* at 880. The factual scenario in *Jones* involved a non-custodial mother who was ordered by the state court to pay the father's attorney fees incurred in custody modification proceedings. The mother then declared bankruptcy, and the Circuit held that her debt for the father's attorney fees was nondischargeable.

The analysis focused entirely upon whether the debt was in the nature of support. The Circuit defined the term "support" very broadly in the context of child custody proceedings, finding that support encompasses much more than the mere paying of bills on behalf of the child, and the best interest of the child is an "inseparable element of the child's 'support.'" *Id.* at 881. The court held that, in all custody actions, the court's ultimate goal is the welfare of the child. *Id.* It concluded:

> Generally, custody actions are directed towards determining which party can provide the best home for the child and are, therefore, held for the child's benefit and support. Therefore, in order that genuine support obligations are not improperly discharged, we hold that the term "support" encompasses the issue of custody absent unusual circumstances not present here.

*Id.* at 882.

The majority of circuit courts addressing this issue have reached similar conclusions. *See, e.g., Stark v. Bishop (In re Bishop),* No. 97–2151, 1998 WL 325950, at *3 (4th Cir. June 18, 1998) (per curiam); *Beaupied v. Chang (In re Chang),* 163 F.3d 1138, 1141 (9th Cir.1998); *Strickland v. Shannon (In re Strickland),* 90 F.3d 444, 447 (11th Cir.1996); *Dvorak v. Carlson (In re Dvorak),* 986 F.2d 940, 941 (5th Cir.1993); *Peters v. Hennenhoeffer (In re Peters),* 964 F.2d 166, 167 (2d Cir.1992) (per curiam), *aff'g* 133 B.R. 291, 296–97 (S.D.N.Y.1991).

■ The Eighth Circuit is the only Circuit Court of Appeals that has reached a different conclusion. In *Adams v. Zentz,* 963 F.2d 197 (8th Cir.1992), the court held that the bankruptcy court should look at the purpose behind the custody action and examine whether the action was held to determine the best interests of the child in determining whether the whether debt was support. In *Jones,* the Tenth Circuit expressly rejected the Eighth Circuit's directive, instead holding that fees incurred in custody actions should be presumed to be in the nature of support unless unusual circumstances exist. 9 F.3d at 881.[3] The

---

3. The Tenth Circuit extended its ruling in *Jones* to fees awarded a guardian ad litem and

court did not, however, explain what circumstances would qualify for the exception mentioned.[4]

■ In support of her claim of "unusual circumstances," the Debtor argues that the *Jones* decision and rationale hinge directly on the fact that the party seeking the determination of dischargeability was the custodial parent and that the award of fees in that case was directly connected to the child's support and welfare. Debtor contends that she was forced to defend to protect her role as custodial parent and the attorney fee award undermines her ability to support her child, asking the court to determine the effect on the child's well-being if the court denied discharge.

Admittedly, it is a relatively rare occurrence when the successful party in a custody dispute must pay the non-custodial parent's attorney fees. The Court was able to find very few cases where attorney's fees were awarded against a custodial parent who later filed bankruptcy. *See, e.g., Hoogewind v. Hendricks (In re Hendricks),* 248 B.R. 652, 658 (Bankr.M.D.Fla. 2000) (bankruptcy court held that an attorney fee obligation that was imposed on the debtor ex-husband in a post-divorce custody dispute, based on the state court's determination that debtor had greater ability to pay such fees, would be excepted from discharge under § 523(a)(5) even though debtor was the custodial parent and paid no support to his former wife); *Wedgle & Shpall, P.C. v. Ray (In re Ray),* 143 B.R. 937 (D.Colo.1992) (pre-*Jones* decision holding as nondischargeable attorney fees awarded against custodial parent as contempt sanctions in custody dispute; because underlying character of litigation involved welfare of the child, fees should be considered "support").

■ Although not controlling, Oklahoma state law provides some guidance. Title 43, Section 110(c) of the Oklahoma Statutes provides: "Upon granting a decree of divorce or separate maintenance, the court may require either party to pay such reasonable expenses of the other as may be just and proper under the circumstances." Okla. Stat. tit. 43, § 110(c) (1995). Attorney fee allowances claimed in matrimonial disputes do not depend upon a spouse's status as prevailing party in a case; they may be granted to a litigant who qualifies for the added benefit by the statute-mandated process of judicial balancing of the equities. *Barnett v. Barnett,* 917 P.2d 473, 478 (Okla.1996). An award of attorney fees in a divorce proceeding depends on what is just and proper under the circumstances, including, but not limited to, the outcome of the action, the reason for the action, the parties' behavior with

---

psychologist in child custody proceedings. In *Miller v. Gentry (In re Miller),* 55 F.3d 1487 (10th Cir.1995), while recognizing that *Jones* did not address the precise issue presented, the court ruled that *Jones* controlled the case and compelled the conclusion that the guardian and psychologist fees were not dischargeable under § 523(a)(5). *Id.* at 1490. In reaching the conclusion, the court adhered to the emphasis placed on the determination of whether a debt is in the nature of support, rather than on the identity of the payee, holding that debts to a guardian ad litem specifically charged with representing the child's best interests, "can be said to relate just as directly to the support of the child as attor-

ney's fees incurred by the parents in a custody proceeding." *Id.*

4. This Court was unable to find any published opinions discussing what would qualify as unusual circumstances under *Jones*. Another panel of this Court discussed the exception in an unpublished opinion, *In re Rider,* No. UT–98–001, 1998 WL 879507, at *2–3 (10th Cir. BAP Dec.15, 1998), rejecting the debtor's claim of unusual circumstances due to his ex-wife's allegedly false accusations of child abuse, because the state court had found ex-wife's claim credible and had restricted debtor's visitation accordingly.

regard to the welfare of their children, whether either party unnecessarily complicated or delayed the proceedings or made the litigation more vexatious than it needed to be, and the means and property of the parties. *Finger v. Finger*, 923 P.2d 1195, 1198 (Okla.App.1996).

We recognize that *Jones* involved a different factual scenario than this case. We decline to limit *Jones* to its facts, however, and conclude that Debtor's mere status as custodial parent does not qualify as an unusual circumstance excepting it from support under § 523(a)(5). Whether the attorney fees were awarded to the custodial parent, the non-custodial parent or both, the fact remains that the fees were awarded in the context of a custody dispute to determine the best interests of the child, who is the putative beneficiary of the award. As the language in *Jones* makes clear, "support" for purposes of § 523(a)(5) is not limited to paying the bills of the child, but encompasses many aspects of the child's well being. Certainly, this case involved proceedings to determine the child's best interests. The state court order indicates that Lowther was justified in attempting to gain custody of the child, that Debtor had greatly contributed to the child's alienation from Lowther, and that custody was an extremely close call.

■■■ The court in *Jones* specifically rejected looking to the purpose of the dispute in determining whether a debt was in the nature of support. We adhere to this directive in holding that *Jones* does not permit this Court to look to the court's purpose in ordering the Debtor to pay Lowther's attorneys fees incurred in the custody action. Although there is some indication that the court was troubled by Debtor's litigiousness or obstructive behavior, *Jones* instructs us to not look behind the award to determine its nature and purpose. While this factor is relevant in determining whether a debt to a spouse is support, it is not relevant to a determination of whether a debt is support in the context of a custody dispute. *Cf. Sampson*, 997 F.2d at 725–26 (applying a two-pronged approach to determining whether obligation to former spouse is support: 1) spouses' shared intent as to nature of payment; and 2) whether substance of payment was in the nature of support).

■■■ Yet *Jones*, while deeming that attorney fees arising out of custodial and visitation issues are "support," recognizes that "unusual circumstances" can except such debts from § 523(a)(5). If we are not to consider the nature and purpose of the award, then surely, we can consider the practical effect of the award for purposes of determining whether there are unusual circumstances. This is a mixed question of law and fact, requiring us to consider whether the bankruptcy court's findings of fact were clearly erroneous, as well as a *de novo* review of whether those findings, if not erroneous, constituted "unusual circumstances." The bankruptcy court found that Debtor did not present any basis upon which to make an exception to the rule. While the Debtor presented no evidence regarding the basis of the state court fee order, the bankruptcy court had evidence of her income, and the court could have considered that in determining whether the exception applied.

■■■ In creating a presumption that fees awarded in a custody case are support, the Tenth Circuit broadly defined the term support in order to ensure that genuine support obligations are not improperly discharged by placing form over substance. This objective would be frustrated in a case where a parent with insignificant income was compelled to pay a substantial award of attorney's fees. We hold, therefore, if a parent's income is so insubstan-

tial that the obligation to pay attorney's fees will clearly affect the parent's ability to financially support the child for a significant duration, that would present an unusual circumstance under *Jones*.

■ This unusual circumstance might arise in a situation where the debtor's ability to pay court ordered child support would be severely impaired because of the other debt obligation. And, this unusual circumstance might arise in a situation where the debt obligation would effectively eliminate or cancel out the child support the debtor receives as the custodial parent. In this case, Debtor's monthly income was $893; Lowther pays Debtor $167 per month in child support. It would take approximately five years to pay the $9,000 attorney fee award at the rate of $167 per month, without interest. Because Debtor does not have the ability to pay this debt without severe impairment of her ability to support the child, we conclude there are unusual circumstances supporting this narrow exception to nondischargeability.

## IV. Conclusion.

For the reasons set forth above, the order of the bankruptcy court determining that Debtor's obligation to pay Lowther's attorney fees is nondischargeable under § 523(a)(5) is REVERSED.