**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 31 2002**

**PATRICK FISHER**
**Clerk**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

In re:  PAULA JOANN LOWTHER,

    Debtor.

---

NEAL LOWTHER,

    Plaintiff - Appellant,

v.

PAULA JOANN LOWTHER,

    Defendant - Appellee.

No. 01-6359

---

**APPEAL FROM THE UNITED STATES**
**BANKRUPTCY APPELLATE PANEL OF THE TENTH CIRCUIT**
**(BAP No. WO-00-75)**

---

**Submitted on the briefs:**

Charles L. Hill, Norman, Oklahoma, for Plaintiff-Appellant.

Paul Streck of Streck & Associates, Edmond, Oklahoma, for Defendant-Appellee.

---

Before **HENRY** and **McKAY**, Circuit Judges, and **OBERDORFER,**[*] District Judge.

---

[*]Honorable Louis F. Oberdorfer, United States District Judge for the District of Columbia, sitting by designation.

**McKAY**, Circuit Judge.

---

This is an appeal from a decision of the Bankruptcy Appellate Panel ("BAP") holding that an obligation to pay attorney's fees awarded in a divorce and custody proceeding are dischargeable in bankruptcy. This case requires a determination of whether sufficiently unusual circumstances exist to justify departure from the general rule of nondischargeability.

## I. Facts

In 1997, Appellant filed for divorce from Appellee in the Oklahoma state court system. In September 1999, after protracted proceedings, the state court held a hearing to resolve the merits of the divorce and custody of the couple's only child. In October 1999, the state court granted Appellee custody of the child, required Appellant to pay $167 per month in child support to Appellee, and required Appellee to pay $9,000 in attorney's fees to Appellant.

On January 31, 2000, Appellee filed a Voluntary Petition in Bankruptcy in the District Court for the Western District of Oklahoma seeking to discharge certain debts, including the $9,000 in attorney's fees. Appellant filed an adversary proceeding in order to have the attorney's fees deemed nondischargeable under 11 U.S.C. § 523(a)(5) (2002) (classifying alimony and

-2-

other support payments as nondischargeable).  The bankruptcy court held that the

attorney's fees awarded in the custody proceedings were nondischargeable,

relying upon our decision in In re Jones, 9 F.3d 878, 881 (10th Cir. 1993) ("[T]he

term 'support' encompasses the issue of custody absent unusual

circumstances . . . .  Consequently, court-ordered attorney's fees arising from

post-divorce custody actions are deemed in the nature of support under §

523(a)(5).").  The bankruptcy court rejected Appellee's argument that the case

involved unusual circumstances justifying departure from the general rule and

held that the attorney's fees were nondischargeable.

Appellee appealed to the BAP, which reversed the bankruptcy court and

held the attorney's fees to be dischargeable.  The BAP found that "if a parent's

income is so insubstantial that the obligation to pay attorney's fees will clearly

affect the parent's ability to financially support the child for a significant

duration, that would present an unusual circumstance under Jones."  In re

Lowther, 266 B.R. 753, 759-60 (B.A.P. 10th Cir. 2001).[1]  Based on the specific

facts presented in this case, we agree with the BAP that the circumstances are

sufficiently unusual to warrant exception from the general rule of

---

[1]The decision of the BAP was also the subject of a separate appeal to this
court, which resulted in an Order and Judgment dated December 9, 2002.  See In
re Lowther, No. 02-6075, 2002 WL 31745059 (10th Cir. Dec. 9, 2002).  While the
cases are related in that they stem from the same bankruptcy proceeding, the
Order and Judgment issued in that case is not inconsistent with what we have
done today.

nondischargeability.

## II. Legal Standards

Title 11 U.S.C. § 523(a)(5) lists certain exceptions for discharge, including any debt "to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child . . . ." In Jones, we addressed the question of whether a court-ordered obligation to pay attorney's fees incurred in connection with a custody dispute was nondischargeable pursuant to § 523(a)(5). See Jones, 9 F.3d at 880. While holding that the obligations present in Jones should be included within the necessarily broad definition of "support," we specifically provided for the possibility of cases involving unusual circumstances warranting dischargeability. See id. at 881-82. Because this court has never applied the unusual-circumstances exception, this is a matter of first impression.

As we noted in Jones, the term "support" is to be broadly defined in order to protect the best interests of the child. See id. The analysis in Jones focused entirely upon whether the obligation of the non-custodial parent was in the nature of support payments. To ensure that "genuine support obligations are not improperly discharged[,] . . . the term 'support'" will generally include obligations to pay attorney's fees incurred in a custody dispute. See id. at 882. It follows, therefore, that the "unusual circumstances" exception is very narrow.

Nevertheless, since this rule is fashioned around the best interests of the

-4-

child, it also follows that the type of unusual circumstances most likely to warrant exception are those where discharge is in the best interests of the child.  To hold that the general rule of nondischargeability should prevail despite adverse effects upon the child would be to ignore the policy considerations behind § 523(a)(5).

### III.  Applicability of <u>Jones</u>

Before addressing the unusual-circumstances exception, we must consider whether <u>Jones</u> applies in this case.  Appellee suggests that the general rule of nondischargeability in <u>Jones</u> turned on the fact that, in that case, the individual seeking discharge was the non-custodial parent.  While this is true, it is not conclusive in making this determination.  As the BAP stated, "Whether the attorney fees were awarded to the custodial parent, the non-custodial parent or both, the fact remains that the fees were awarded in the context of a custody dispute to determine the best interests of the child, who is the putative beneficiary of the award."  <u>In re Lowther</u>, 266 B.R. at 759.

Custody alone, therefore, does not take this case out of the general rule of <u>Jones</u>, and we must therefore apply it here.  However, Appellee's status as the custodial parent is relevant to the determination of whether unusual circumstances warrant discharge and exception from the general rule.  We turn now to that analysis.

## IV. Unusual Circumstances

We review *de novo* the BAP's determination that unusual circumstances warranted dischargeability in this case. Pierce v. Underwood, 487 U.S. 552, 558 (1998). In reviewing this determination, we look to both the record and the factual findings of the bankruptcy court.

The facts, as determined by the bankruptcy court, indicate that Appellee has an income of $893 monthly and that Appellant is obligated to pay her $167 monthly in child support. In addition, Appellee must pay the Appellant $9,000 in attorney's fees. As the BAP noted, it would take Appellee approximately five years to pay this amount at a rate of $167 monthly if no interest accrued. See In re Lowther, 266 B.R. at 760. To require that Appellee pay the $9,000 would essentially negate the support payments awarded by the state court for at least five years and would clearly affect her ability to financially support the child.

Just as custody alone was insufficient to take this case out of the general rule of Jones, Appellee's status as custodial parent does not necessarily require exception from the general rule. Custodial status must be weighed with the totality of the circumstances. In light of Appellee's financial condition, and considering the needs and constraints of the custody relationship, it is clear that the obligation to pay the attorney's fees will adversely affect her ability to financially support the child in this case. These facts constitute unusual

circumstances warranting this narrow exception to nondischargeability.

## V. Conclusion

For the reasons set forth above, the decision of the BAP reversing the order of the bankruptcy court is **AFFIRMED**.