In re Maria Elena DOUGLAS, Debtor.

William M. Benjamin, Plaintiff,

v.

Maria Elena Douglas, Defendant.

Bankruptcy No. 03–07494–B7.
Adversary No. 03–90385–B7.

United States Bankruptcy Court, S.D. California.

Aug. 26, 2005.

Jennifer C. Berger, Esq., Law Offices of Jennifer C. Berger, San Diego, CA, for Plaintiff.

Thomas K. Shanner, Esq., Shanner & Shanner, San Diego, CA, for Defendant.

## ORDER

PETER W. BOWIE, Bankruptcy Judge.

Pursuant to a family court order, William Benjamin (Plaintiff) provided legal services on behalf of Debtor's minor daughter in connection with a review hearing regarding custody and visitation. The court apportioned Plaintiff's fees between Debtor and her ex-spouse. Debtor paid a small portion of the fees, but owed Plaintiff over $5,000 as of the date of her petition. Plaintiff commenced this adversary proceeding seeking a determination that the debt was nondischargeable under Bankruptcy Code § 523(a)(5), claiming it was in the nature of support for Debtor's child. The parties submitted a joint statement of issues and facts as well as written argument and asked this Court for a ruling without hearing. The Court ruled that the debt is in the nature of support and falls within the scope of § 523(a)(5). However, in her written argument, Debtor raised an alternative issue, which was not included in the joint statement of issues, which necessitated further participation by the parties. That issue is whether the "unusual circumstances exception," recognized and utilized by the Tenth Circuit in *In re Lowther*, 321 F.3d 946 (10th Cir.

2002), should be applied in this case to render the debt dischargeable. The issue is really twofold—a legal issue of whether the "unusual circumstances exception" exists, and, if so, a factual issue of whether unusual circumstances exist in this case. The Court invited further briefing and took the matter under submission. For the reasons set forth below, the Court holds that the "unusual circumstances exception" created by the Tenth Circuit in *Lowther* is not an "exception" to § 523(a)(5). Accordingly, the Court holds the debt to be nondischargeable.

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1334 and General Order No. 312–D of the United States District Court for the Southern District of California. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) & (I).

### FACTS [1]

On September 6, 2001, the Superior Court for the County of San Diego entered an order appointing Plaintiff as counsel for Debtor's minor child DiAnne Douglass (DiAnne) to represent her in preparation for a review hearing. At issue was Debtor's percentage of custody/visitation of DiAnne. Plaintiff was appointed to investigate and submit recommendations to the family court based upon the best interest of DiAnne. Plaintiff interviewed therapists, parents, teachers, relatives, doctors and other interested witnesses; attended several Independent Educational Plan meetings and school discipline meetings; met with both parents and DiAnne in their respective homes; spoke with DiAnne in person and on the phone; and drafted reports regarding the changing needs of the child.

The Superior Court's order provided that Plaintiff was to bill Debtor at the rate of $50/hour and Debtor's ex-spouse $100/hour. As of July 31, 2004, Debtor's share of Plaintiff's fees was $5,264.80. In March 2004 Debtor began making monthly payments of $50.00. She has paid $200.00, leaving a balance owing to Plaintiff of $5,064.80 ("Debt").

The issue initially submitted to the Court was whether the Debt is "in the nature of support and therefore nondischargeable under section 523(a)(5)." [2] In addition to the Joint Statement, the parties each submitted written argument. The Court reviewed both arguments and the authorities cited therein and, by Order entered March 30, 2005, ruled that under the circumstances of this case, the Debt is in the nature of support and would, barring application of an "unusual circumstances exception," be nondischargeable under § 523(a)(5). The Court has received additional briefing from the parties, and has taken the matter under submission to determine whether there is an "unusual circumstances exception" and, if so, whether the facts of this case warrant a finding of unusual circumstances.

### DISCUSSION

#### Is there an "unusual circumstances exception"?

In her written argument, Debtor raised the "unusual circumstances" exception, arguing that a debt incurred in the nature of support shall nevertheless be discharged when "unusual circumstances exist." The "unusual circumstance" in this case is, according to Debtor, that she needs all of her income to support the child who lives with

---

1. The facts are taken from the "Amended Joint Statement of Issues of Fact and Law" submitted by Debtor and Plaintiff on August 19, 2004.

2. See "Amended Joint Statement of Issues of Fact and Law" at 1:25–26.

Debtor. According to Debtor's schedules her monthly income is exceeded by expenses resulting in a shortfall of $163.46.

Debtor bases her argument on *In re Lowther*, 321 F.3d 946 (10th Cir.2002), in which the Tenth Circuit recognized, or created, the "unusual circumstances" exception:

> Nevertheless, since this rule is fashioned around the best interests of the child, it also follows that the type of unusual circumstances most likely to warrant exception are those where discharge is in the best interests of the child. To hold that the general rule of nondischargeability should prevail despite adverse effects upon the child would be to ignore the policy considerations behind § 523(a)(5).

*Id.* at 948–49. The court held the support obligation in that case to be dischargeable:

> In light of Appellee's financial condition, and considering the needs and constraints of the custody relationship, it is clear that the obligation to pay the attorney's fees will adversely affect her ability to financially support the child in this case. These facts constitute unusual circumstances warranting this narrow exception to nondischargeability.

*Id.*

 This Court is not persuaded that such an exception, which is not found in the Code section, was intended by Congress to exist. Bankruptcy Code § 523(a)(5) excepts from discharge debts:

> to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement ....

11 U.S.C. § 523(a)(5). "When determining whether a particular debt is within the § 523(a)(5) exception to discharge, a court considers whether the debt is 'actually in the nature of ... support.'" *In re Chang*, 163 F.3d 1138, 1140 (9th Cir.1998) (citing *Shaver v. Shaver*, 736 F.2d 1314, 1316 (9th Cir.1984)). This question is a factual determination made by the bankruptcy court as a matter of federal bankruptcy law. *Id.* Under the language of the statute and the direction of the Ninth Circuit, the only determination to be made is whether the debt is in the nature of support. Once this determination is made, the matter would appear to be resolved.

As discussed above, however, the Tenth Circuit in *Lowther* determined, based upon a review of its prior Tenth Circuit authority, *In re Jones*, 9 F.3d 878, 881–82 (10th Cir.1993), that a further consideration had to be determined. Once there was a finding that the debt was in the nature of support, the Court had to further consider whether "unusual circumstances" existed to permit the discharge of the otherwise nondischargeable debt.

In *Lowther*, the Tenth Circuit explained the origin of the "unusual circumstances exception" in this way:

> Title 11 U.S.C. § 523(a)(5) lists certain exceptions for discharge, including any debt "to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child...." In *Jones*, we addressed the question of whether a court-ordered obligation to pay attorney's fees incurred in connection with a custody dispute was nondischargeable pursuant to § 523(a)(5). See *Jones*, 9 F.3d at 880. While holding that the obligations present in *Jones* should be included within the necessarily broad definition of "support," we specifically provided for the possibility of cases involving unusual cir-

cumstances warranting dischargeability. See *id.* at 881–82. Because this court has never applied the unusual-circumstances exception, this is a matter of first impression.

321 F.3d 946, 948 (10th Cir.2002). This Court has reviewed the *Jones* decision and concludes that the court in *Lowther* recognized an exception which the court in *Jones* did not in fact create.

In *In re Jones,* the Tenth Circuit stated:
... that the term "support" as used in § 523(a)(5) is entitled to a broad application.... Generally, custody actions are directed towards determining which party can provide the best home for the child and are, therefore, held for the child's benefit and support. Therefore, in order that genuine support obligations are not improperly discharged, we hold that the term "support" encompasses the issue of custody *absent unusual circumstances not present here.* Consequently, court-ordered attorney's fees arising from post-divorce custody actions are deemed in the nature of support under § 523(a)(5) as being incurred on behalf of the child.

9 F.3d 878, 881–82 (10th Cir.1993) (emphasis added). The court did mention "unusual circumstances." However, it appears to this Court that the Tenth Circuit was referring to unusual circumstances which would indicate that the particular debt was not in the nature of support. That is, the court was not creating an exception to the rule that debt in the nature of support would be dischargeable, but rather recognizing that under certain circumstances fees arising from a custody action might not be in the nature of support.

The court in *Jones* began with the standard statement regarding the proper analysis:
Whether a court-ordered obligation to pay attorney's fees incurred in connec-tion with a custody dispute falls within the parameters of § 523(a)(5) is an issue of federal law. State law does provide guidance as to whether a debt is to be considered in the "nature of support." However, "a debt could be in the 'nature of support' under section 523(a)(5) even though it would not legally qualify as alimony or support under state law."

9 F.3d at 880 (citations omitted). The court also noted the congressional intent and current state of case law:
Congressional policy concerning § 523(a)(5) "has always been to ensure that genuine support obligations would not be discharged." The circuits have split on the issue of whether a post-divorce child custody action is properly considered to be in the nature of support.

*Id.* at 880–81 (citations and quotations omitted). The court went on to analyze the circuit cases finding support, *In re Dvorak,* 986 F.2d 940, 941 (5th Cir.1993) and *In re Peters,* 964 F.2d 166, 167 (2d Cir.1992), and one finding to the contrary, *Adams v. Zentz,* 963 F.2d 197 (8th Cir. 1992). None of those cases mentioned unusual circumstances. The concept came up later in the opinion in the court's discussion of *Adams v. Zentz.*

In *Adams v. Zentz,* the Eighth Circuit held that in a custody/visitation matter, the court must look into the facts of the case to determine "the function the award was intended to serve." 963 F.2d 197, 200 (8th Cir.1992). The court held the debt to be dischargeable because the custody action focused not on the child's welfare, but rather the parents. *Id.* at 201. In rejecting this position, the court in *Jones* stated:
We reject the Eighth Circuit's directive that the bankruptcy court must look at the purpose behind the custody action and examine whether that action was

held in order to determine the best interests of the child. In our view, in all custody actions, the court's ultimate goal is the welfare of the child.

Further, to require the court to determine the purpose of the custody action could require extensive hearings and fact-findings into the parties' subjective motivations which is more appropriate to the state court than a bankruptcy court. Here, Mr. Jones argues that Mrs. Jones' motivation for attempting to obtain custody of the children was to avoid paying child support. The state court made no findings on this issue and it is clearly one inappropriate for determination by the bankruptcy court. We agree that the best interest of the child is an inseparable element of the child's "support"— put another way, 11 U.S.C. § 523(a)(5) should be read as using the term "support" in a realistic manner; the term should not be read so narrowly as to exclude everything bearing on the welfare of the child but the, bare paying of bills on the child's behalf. Since determination of child custody is essential to the child's proper "support," attorney fees incurred and awarded in child custody litigation should likewise be considered as obligations for "support," *at least in the absence of clear indication of special circumstances to the contrary.*

*Holtz v. Poe (In re Poe)*, 118 B.R. 809, 812 (Bankr.N.D.Okla.1990).

9 F.3d at 881 (emphasis added). Thus, the first mention of "special circumstances" in the *Jones* opinion, is in the language quoted from the *Poe* case—"at least in the absence of clear indication of special circumstances to the contrary." It is clear from this quoted language that the "special circumstances" referred to are special circumstances which would indicate in a particular case that attorney fees incurred

and awarded in child custody litigation should not be considered as obligations for "support." That is, the existence or nonexistence of special circumstances is a factor in determining whether the particular debt is in the nature of support. It is not an exception to be applied after a particular debt has been found to be in the nature of support. The language in *Jones* relied upon by the court in *Lowther* immediately follows the *Poe* quote:

> Generally, custody actions are directed towards determining which party can provide the best home for the child and are, therefore, held for the child's benefit and support. Therefore, in order that genuine support obligations are not improperly discharged, we hold that the term "support" encompasses the issue of custody absent unusual circumstances not present here. Consequently, court-ordered attorney's fees arising from post-divorce custody actions are deemed in the nature of support under § 523(a)(5) as being incurred on behalf of the child. This debt is nondischargeable.

*In re Jones*, 9 F.3d at 882. As in *Poe*, the relevance of special circumstances is to whether or not the debt is in the nature of support. Once the issue of whether the debt is in the nature of support is resolved, there is no further analysis to be done.

Thus, it appears to this Court that the Tenth Circuit in *Jones* did not create an exception to § 523(a)(5). That is, *Lowther* did not apply an exception created in *Jones*, but rather created an exception upon a misreading of *Jones*.

The "unusual circumstances exception" finds no support in the language of 11 U.S.C. § 523(a)(5), though Congress has clearly demonstrated its ability to create

such an exception.[3] Further, this Court is not aware of another court recognizing or applying the "unusual circumstances exception." One court at least has called it into question. See *In re Sonntag,* 2004 WL 764728 (N.D.Tex.2004) ("The court is not persuaded that the Fifth Circuit, having spoken so plainly in *Dvorak* and *[In re] Hudson,* [107 F.3d 355 (5th Cir.1997)] would follow the Tenth Circuit.") The Ninth Circuit, when holding that a debt owed directly to a guardian ad litem was nondischargeable under § 523(a)(5), made no mention of any "unusual circumstances exception" though it cited *Jones.* See *In re Chang,* 163 F.3d 1138 (9th Cir.1998).

█ The Court declines to adopt the "unusual circumstances exception" which the Court believes was created by the Tenth Circuit in *Lowther* based upon a misreading of *Jones.* The only issue properly before the court in determining whether a debt falls within the parameters of § 523(a)(5) is whether it is in the nature of support. Special circumstances may come into play in making that determination. However, once the determination is made that the debt is in the nature of support, no additional considerations are left to the bankruptcy court. Had Congress intended the courts to consider the influences a determination of nondischargeability might have on the debtor or the debtor's dependants, Congress could have written an exception into the statute, as it did in § 523(a)(8) and (a)(15). It did not, and this Court declines to do so in its stead.

## CONCLUSION

For the reasons set forth above the Court holds that the debt owed to Plaintiff for services provided in the custody action in the amount of $5,064.80 is in the nature of support within the meaning of 11 U.S.C. § 523(a)(5), and is therefore nondischargeable.

---

3. See for example the "undue hardship" exception to the nondischargeability of student loans in § 523(a)(8) which is specifically spelled out in the statute.