**In re Bonita SHAIN, Debtor.**

**Thomas Burnett, Plaintiff,**

v.

**Bonita Shain, Defendant.**

No. 05–36590.
Adversary No. 05–03174.

United States Bankruptcy Court,
W.D. Kentucky,
Louisville Division.

May 17, 2006.

Henry K. Jarrett, III, Louisville, KY, for Debtor/Defendant.

Joseph S. Elder, II, Louisville, KY, for Plaintiff.

## MEMORANDUM OPINION

THOMAS H. FULTON, Bankruptcy Judge.

THIS CORE PROCEEDING[1] comes before the Court on Plaintiff Thomas Burnett's ("Plaintiff") Petition to Determine Dischargeability of Debt Pursuant to 11 U.S.C. § 523(a)(5), 11 U.S.C. § 523(a)(6) and 11 U.S.C. § 523(a)(15)[2], and Debtor Bonita Shain's ("Defendant") Answer. The Plaintiff contends that attorney fees awarded to him during a custody battle between the parties are nondischargeable under §§ 523(a)(5) and (a)(6). The Defendant responded that the debt arose from custody and/or visitation, was unrelated to support, and, thus, did not fit within the parameters of § 523(a)(5). Further, the

Plaintiff argues that the cause of action brought under § 523(a)(6) is not proper because the Defendant's actions that precipitated the attorney fee award were not willful and malicious.

Based upon the testimony of both the Plaintiff and the Defendant, the statements of counsel, the briefs submitted, and the entire record in this case, this Court finds the $15,000.00 debt owed to the Plaintiff by the Defendant is NONDISCHARGEABLE.

## FINDINGS OF FACT

The Plaintiff and Defendant were married and had two children, Thomas, age 10, and Jacob, age 7. The parties' marriage ultimately ended in divorce with a protracted and contentious custody battle over the two children. Custody of the two children was initially vested in the Defendant in December 1999. The Plaintiff was awarded visitation on the condition that he first complete parenting classes and domestic violence treatment classes. After the Plaintiff completed the required classes, the Defendant did not permit the ordered visitation, and a court appointed therapist found that the Defendant was alienating the children from the Plaintiff. As a result the Honorable Stephen M. George, Jefferson Family Court, Division Nine ("Family Court"), ordered on November 14, 2002, that custody of the two children should be placed with Shelby and Gary Hadley ("Hadleys"), the sister and brother-in-law of the Plaintiff. Rather than turn over custody of the children to the Hadleys, the Defendant took the children to Indiana and remained in hiding until the Plaintiff located her with the children approximately seven months later.

---

1. See 28 U.S.C. § 157(b)(2)(I).

2. The Plaintiff orally withdrew his motion under 11 U.S.C. § 523(a)(15) at the evidentiary hearing.

During the seventh month period the children were missing, the Plaintiff employed a person to watch Defendant's house, a private investigator and an attorney in an effort to locate the children. After the Defendant and children were found, the Family Court, by order dated August 6, 2003, once again placed the children in the custody of the Hadleys and sentenced the Defendant to 180 days in the Jefferson County Jail for contempt for failing to abide by the Court's order regarding custody. Thereafter, the Plaintiff received custody of his sons. After he was awarded custody, the Plaintiff petitioned the Family Court to award him attorney's fees. The Plaintiff requested $25,721.14 for attorney fees incurred over a nearly five year period, which, the court found, "included legal services in Mr. Burnett's attempt to reestablish his relationship with his children." In its Order of August 18, 2005 ("August 18th Order"), the Family Court found that "[a]fter considering the financial resources of the parties, and Ms. Shain's conduct, the Court orders that Ms. Shain shall contribute the sum of $15,000.00 toward Mr. Burnett's attorney fees." The August 18th Order also states that the Court is aware that the son Thomas is living primarily with the Defendant and set aside the current child support order. At this time, the Plaintiff retains legal custody of both children, although Thomas resides with the Defendant.

The Defendant filed for Chapter 7 bankruptcy relief on September 13, 2005. On her Schedule F she lists $80,169.00 in unsecured debt, including $25,700.00 owing to the Plaintiff. The Plaintiff filed this adversary proceeding on October 20, 2005, seeking to have the debt owed to him deemed nondischargeable under 11 U.S.C. §§ 523(a)(5) or (a)(6).

## CONCLUSIONS OF LAW

■ Under 11 U.S.C. § 523(a)(5) a debtor may not discharge a debt "to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse of child, in connection with a separation agreement, divorce decree, or other order ..., but not to the extent that ... such debt includes a liability designated as alimony, maintenance or support, unless such liability is actually in the nature of alimony, maintenance or support." The Sixth Circuit has established a test to determine if a particular debt fits within the parameters of § 523(a)(5). A court must determine (1) if the parties and state court intended to create a support obligation, and (2) if the obligation actually provides necessary support. If both of these conditions are satisfied, the bankruptcy court must then determine if the support amount is excessive, and therefore unreasonable, under traditional concepts of support. If the Court determines that the award amount is unreasonable, the obligation is dischargeable to the extent necessary to effectuate the purpose of bankruptcy law. *In re Sorah,* 163 F.3d 397, 400 (6th Cir.1998); *In re Fitzgerald,* 9 F.3d 517, 520 (6th Cir.1993).

■ This Court must, therefore, first look to whether the Family Court intended to create a support obligation. The obligation in question stemmed from child custody litigation. Legal fees resulting from child custody and support litigation are deemed child support if the litigation was for the benefit and support of the children. *See Falk & Siemer v. Maddigan,* 312 F.3d 589, 594 (2nd Cir.2002); *Dvorak v. Carlson,* 986 F.2d 940, 941 (5th Cir.1993); *In re Lowther,* 266 B.R. 753, 757 (10th Cir. BAP 2001), noting that the majority of circuit courts have found that custody actions are for the child's benefit and support and nondischargeable under § 523(a)(5). In the present case, the

Plaintiff and Defendant were locked in a contentious custody battle. The litigation, which stretched over five years, clearly focused on the best interest of the children. The Family Court's August 18th Order specifically states that the Plaintiff's fees "included legal services in Mr. Burnett's attempt to reestablish his relationship with the children." The Order further states that the Defendant "attempted to defeat Mr. Burnett's rights to contact the children, and went so far as to flee with the children after the Court ordered the children removed from her care." It is clear from the language of the August 18th Order, as well as an examination of previous orders issued throughout the course of the custody dispute, that the fees were awarded for litigation directly addressing the benefit and support of the children, namely a relationship with both of their parents. Although the litigation was driven by the actions of the parties, the underlying goal of the litigation was for the benefit of the children.

▇ This Court must next determine if the obligation provides necessary support. Once again, the Court looks to the August 18th Order for guidance. The August 18th Order specifically states that it has "determined the financial resources of each party" and, after considering those financial resources as well as the conduct of the Defendant, "the Court orders that Ms. Shain shall contribute the sum of $15,000.00 towards" the Plaintiff's attorney fees. Based on the clear language of the Order, the award of attorney's fees was intended to provide actual support. This Court cannot and will not look behind the Family Court's August 18th Order and try to determine if the Family Court would award the fees based on the parties present circumstances. The Sixth Circuit in *Fitzgerald* specifically admonished courts from considering a debtor's "present needs" when determining if a support obligation should be discharged under § 523(a)(5). 9 F.3d 517, 520. If a court did consider a debtor's "present needs" it "would result in the discharge of an overwhelmingly high number of support obligations" and the Court did not intend "to intrude into the states' traditional authority over domestic relations and risk of injustice to the non-debtor spouse or children." *Id.* at 520–521. This Court is, therefore, bound by the findings of the Family Court which preformed an evaluation of the parties' relative finances and the benefit to the children provided by the litigation at the time it awarded the attorney's fees. This Court cannot now attempt to determine if the Family Court would make a similar award of attorney's fees if the case was before it today.

The Defendant argues that the award of attorney's fees should not be considered support and relies on the fact that Thomas currently resides with the Defendant. This argument is unpersuasive, however, because Thomas lived with the Defendant at the time the August 18th Order was issued. The Family Court was aware of this and still chose to award attorney's fees to the Plaintiff based on the parties relative financial situation and the conduct of the parties throughout the course of the litigation. Once again, this Court cannot look behind the Family Court's determination and try to imagine the nature of the award based upon only the urging of the Defendant. The litigation focused on determining the best interest of the children. As such, fees awarded as a result of that litigation were for the benefit and support of the children.

▇ This Court may, however, examine the award to determine if it is excessive. The Court may find an award is excessive if it is unreasonable under traditional notions of support. In its Order, the Family

Court noted that the fees in question stemmed from litigation that extended over five years. At least a portion of the award arose from the Plaintiff's attempts to reestablish a relationship with his children and the Defendant's actions to prevent such a relationship. The Plaintiff requested $25,721.14 in legal fees and was awarded $15,000.00. This Court finds that such an award is not unreasonable. The Family Court clearly considered the amount that was reasonable for the Defendant to pay and determined that $15,000.00 was appropriate. This award was a substantial reduction from the amount requested and reflects only a portion of the reasonable fees that were incurred over a five year litigation period. Based on the above analysis, the Plaintiff has met his burden to prove the debt in question is nondischargeable under § 523(a)(5).[3]

The Court therefore finds that the $15,000.00 debt for attorney's fees owed by the Defendant to the Plaintiff is nondischargeable. This Court further orders that Defendant shall repay said amount to Plaintiff in monthly installment payments of $150.00 a month beginning in July of 2006. The payments are to be in the possession of the Plaintiff by the 15th of each month, and paid in such monthly payments until the $15,000.00 is paid in full. If paid on time, no interest will be incurred. Any failure of the Defendant to deliver these payments timely to Plaintiff will result in the debt accelerating and

becoming due in full, bearing interest at the currently applicable federal judgment interest rate of 5.01% per annum.[4]

A separate Order consistent with the foregoing has been entered in accordance with the Federal Rule of Bankruptcy Procedure 9021.

## ORDER

THIS CORE PROCEEDING [1] comes before the Court on Plaintiff Thomas Burnett's ("Plaintiff") Petition to Determine Dischargeability of Debt Pursuant to 11 U.S.C. § 523(a)(5), 11 U.S.C. § 523(a)(6) and 11 U.S.C. § 523(a)(15) [2], and Debtor Bonita Shain's ("Defendant") Answer. The Plaintiff contends that attorney fees awarded to him during a custody battle between the parties are nondischargeable under §§ 523(a)(5) and (a)(6). The Defendant responded that the debt arose from custody and/or visitation, was unrelated to support, and, thus, did not fit within the parameters of § 523(a)(5). Further, the Plaintiff argues that the cause of action brought under § 523(a)(6) is not proper because the Defendant's actions that precipitated the attorney fee award were not willful and malicious.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that based upon the testimony of both the Plaintiff and the Defendant, the statements of counsel, the briefs submitted, and the entire record in this case, this Court finds the $15,000.00 debt owed to the Plaintiff by

---

**3.** The Plaintiff alternatively contended that the award of attorney's fees was nondischargeable under § 523(a)(6). Because this Court has found the debt nondischargeable under 523(a)(5), there is no need to determine if it would similarly be nondischargeable under § 523(a)(6).

**4.** During his testimony, the Plaintiff stated that he was receiving $10.00 a week from the Defendant from a prior child support arrearage. Based on this testimony, as well as the

Court's knowledge of the Defendant's current resources, this Court believes that the Plaintiff is amendable to receiving the attorney's fees owed to him over an extended period of time.

**1.** *See* 28 U.S.C. § 157(b)(2)(I).

**2.** The Plaintiff orally withdrew his motion under 11 U.S.C. § 523(a)(15) at the evidentiary hearing.

the Defendant is NONDISCHARGE-ABLE.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Defendant shall repay said amount to Plaintiff in monthly installment payments of $150.00 a month beginning in July of 2006. The payments are to be in the possession of the Plaintiff by the 15th of each month and paid in such monthly payments until the $15,000.00 is paid in full. If paid on time, no interest will be incurred. Any failure of the Defendant to deliver these payments timely to Plaintiff will result in the debt accelerating and becoming due in full, bearing interest at the currently applicable federal judgment interest rate of 5.01% per annum.[3]

---

**3.** During his testimony, the Plaintiff stated that he was receiving $10.00 a week from the Defendant from a prior child support arrearage. Based on this testimony, as well as the Court's knowledge of the Defendant's current resources, this Court believes that the Plaintiff is amendable to receiving the attorney's fees owed to him over an extended period of time.