IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 01-51153
Summary Calendar

_____


In The Matter Of: LARRY WILLIAMS, doing
business as Larry Williams Electrical
Maintenance & Construction; SHANNON BRITTON
WILLIAMS, doing business as Larry Williams
Electrical Maintenance & Construction,

                                              Debtors.

LARRY DEAN WILLIAMS; SHANNON BRITTON WILLIAMS,

                                       Appellants,

                  versus

INTERNATIONAL    BROTHERHOOD    OF    ELECTRICAL
WORKERS, LOCAL 520,

                                       Appellee.

_____

Appeal from the United States District Court
for the Western District of Texas
_____

July 26, 2002

Before JOLLY, BENAVIDES, and STEWART, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

    In this appeal, the debtors, Larry and Shannon Williams,

challenge the bankruptcy court's grant of summary judgment in favor

of the International Brotherhood of Electrical Workers, Local 520

("IBEW") allowing two claims against the debtors' bankruptcy

estate.  The claims are based on two separate audits of the

1

debtors' books that were conducted to assess the damages caused by the debtors' breach of a collective bargaining agreement with the IBEW. We conclude that the bankruptcy court properly granted summary judgment in favor of the IBEW because the debtor may not challenge either claim in these bankruptcy proceedings. The claim based on the first audit is a final judgment not subject to collateral attack in bankruptcy proceedings. The claim based on the second audit is not subject to attack in these proceedings because the debtors refused to cooperate in the audit on which the claim is based. As a consequence, on appeal they may not complain about the alleged inaccuracy of the audit report. Accordingly, we affirm the judgments of the bankruptcy court and district court.

I

The claims at issue in this case arose out of a pre-petition dispute between the IBEW and the debtors, who operated a now-defunct electrical contracting business. In 1998, the debtors signed a collective bargaining agreement in which they bound themselves to hire employees for commercial construction projects exclusively through the IBEW hiring hall. The next year, the IBEW filed a grievance with the debtors alleging that they had breached the agreement by hiring employees outside the hiring hall. A Labor-Management Committee ultimately determined that the debtors breached the agreement and caused damages to the IBEW and its members. The IBEW then filed an action in federal district court to enforce the arbitration award. After conducting a hearing, the

2

district court ordered the debtors to comply with the labor agreement and awarded damages to the IBEW in an amount to be determined by an audit of the debtors' books. The ensuing audit revealed that the debtors' breach had caused the IBEW $155,855 in damages between August 1998 and November 1999.

When the debtors failed to comply with the terms of the district court's order, the IBEW filed another action in federal court to enforce the order. After a hearing on April 19, 2000, the district court held the debtors in contempt of court and ordered the debtors to pay the $155,855 in damages assessed in the earlier audit in accordance with its first judgment. The district court also awarded the IBEW (1) reasonable attorney fees incurred in connection with the contempt proceedings and (2) damages caused by the debtors' continued failure to comply with the labor agreement. The district court ordered a second audit of the debtors' books to assess the additional damages caused by the debtors' conduct between December 1, 1999 and April 19, 2000. The second audit determined that the IBEW lost $106,911 as a result of the debtors' defiance of the district court order between December 1, 1999 and June 6, 2000.[1]

On May 8, 2000, less than three weeks after the district court issued its order, the debtors filed for bankruptcy under Chapter 13

---

[1] The bankruptcy court ordered the auditor to extend its review to June 6, 2000, the date on which the collective bargaining agreement between the debtors and the IBEW expired.

of the Bankruptcy Code. The IBEW promptly filed claims against the debtors in the bankruptcy court based on the two district court judgments. The debtors objected to these claims, arguing that (1) the damage award based on the first audit incorrectly included damages to third parties and (2) the second audit produced an inaccurate estimate of the actual damages to the IBEW. In response, the IBEW filed a motion for summary judgment on the value of its claims against the debtors. With respect to the damages based on the first audit, the IBEW argued that the district court's judgment is insulated from collateral attack because it constitutes *res judicata.* The IBEW further argued that the damages assessed in the second audit cannot be attacked because they are a final award of a labor arbitration committee and because any inaccuracies were caused by the debtors' failure to cooperate with the auditor.[2]

The bankruptcy court held that the IBEW was entitled to summary judgment with respect to its claim for $155,855 based on the first audit. Observing that the debtors did not contest the findings of the first audit during the contempt proceedings, the bankruptcy court held that it could not "somehow ignore [the district court's contempt] order and redetermine what has already been determined in litigation by the parties." The bankruptcy

---

[2] According to the IBEW, the auditor was required to estimate the damages based on assumptions drawn from the first audit because the debtors did not provide the auditor with certain invoices and did not identify which projects were commercial projects covered by the collective bargaining agreement.

4

court further held that the IBEW was entitled to summary judgment with respect to the second claim for $106,911 because "the record is devoid of any evidence from the non-moving party on the issue of the appropriateness of [the] audit for the second period of time." The debtors appealed to the district court, and the district court affirmed.

## II

On appeal, the debtors challenge the bankruptcy court's grant of summary judgment with respect to both claims asserted by the IBEW. Specifically, the debtors argue that the bankruptcy court erred in holding that the claim based on the first audit is *res judicata* and therefore not subject to collateral attack. On the second claim, the debtors argue that (1) the record was not, in fact, "devoid" of evidence of inaccuracy in the second audit and (2) the bankruptcy court essentially ruled *sua sponte* on the sufficiency of the debtor's evidence without giving the debtors adequate notice of its intent to do so. We now turn to address each argument, reviewing de novo the bankruptcy court's decision to grant summary judgment in favor of the IBEW. See In re Mercer, 246 F.3d 391, 402 (5th Cir. 2001) (en banc).

### A

The debtors first argue that the district court's contempt order awarding the IBEW $155,855 based on the first audit was not "final" because it was the product of a mutual mistake by the

parties that may be rectified under Federal Rule of Civil Procedure 60(b). Specifically, the debtors argue that the audit report included damages to third parties to which the IBEW is not entitled. We find it clear, however, that the district court's judgment satisfies all of the elements of *res judicata.* The parties to the contempt order are identical to the parties in this action, the district court had jurisdiction to enter the contempt order, the contempt order was a final judgment on the merits, and it resolved the same claim that the debtors now seek to challenge. See Ellis v. Amex Life Ins. Co., 211 F.3d 935, 937 (5th Cir. 2000). As a consequence, the bankruptcy court correctly granted summary judgment on the IBEW's claim for $155,855 because it is not subject to attack in these bankruptcy proceedings.[3]

B

With respect to the claim based on the second audit, the debtors argue that the bankruptcy court granted summary judgment in favor of the IBEW on a ground that the IBEW did not urge below. The debtors maintain that the bankruptcy court ruled in favor of the IBEW based on the court's finding that the debtors had produced insufficient evidence of inaccuracies in the second audit report, despite the IBEW's failure to raise this issue in its motion for

---

[3] The fact that a judgment may be subject to a motion for relief under Fed. R. Civ. P. 60(b) does not affect the finality of the judgment. If the debtors wish to move for relief from the district court's contempt order under Rule 60(b) on the ground that it was based on a mutual mistake, the debtors must do so in the district court that issued the order.

summary judgment and despite record evidence of inaccuracies in the report.

Even assuming that the bankruptcy court erroneously decided this issue <u>sua</u> <u>sponte</u> without giving the debtors adequate notice,[4] however, we may affirm on a legal ground raised by the appellee below but not addressed by the bankruptcy court or argued on appeal as an alternative rationale for affirmance.[5]  In this case, the IBEW argued in the bankruptcy court that the debtors may not challenge the accuracy of the second audit report because any inaccuracy was the result of the debtors' failure to provide the auditor with the appropriate records.  We agree.

---

[4] In <u>John Deere Co. v. American Nat. Bank, Stafford</u>, 809 F.2d 1190, 1191-92 (5th Cir. 1987), we held that the district court may not grant summary judgment based on insufficiency of the evidence where that issue was not raised in the motion for summary judgment and the nonmoving party was not given ten days to respond.

[5] <u>See</u> <u>Gulf Island, IV v. Blue Streak Marine, Inc.</u>, 940 F.2d 948, 952 (5th Cir. 1991) ("[W]e are free to affirm the dismissal on any ground presented to the district court for consideration, even though it may not have formed the basis for the district court's decision."); <u>Bickford v. Int'l Speedway Corp.</u>, 654 F.2d 1028, 1031 (5th Cir. Unit B 1981) ("[R]eversal is inappropriate if the ruling of the district court can be affirmed on any grounds, regardless of whether those grounds were used by the district court."); <u>J. E. Riley Inv. Co. v. Comm'r of Internal Revenue</u>, 311 U.S. 55, 59 (1940) (affirming on alternative ground not raised in the trial court or appellate court, noting that "[w]here the decision below is correct it must be affirmed by the appellate court though the lower tribunal gave a wrong reason for its action"); <u>see also</u> <u>Mesnick v. General Electric Co.</u>, 950 F.2d 816, 820 (1st Cir. 1991) ("An appellate panel is not restricted to the district court's reasoning but can affirm a summary judgment on any independently sufficient ground."); <u>United States v. Rose</u>, 346 F.2d 985, 989 (3d Cir. 1965) ("[A]ffirmance may be based on any rationale supported by facts incontrovertibly established in the record.").

Although we have never spoken on this issue, it seems clear to us that, under most circumstances, a party forfeits its right to challenge the accuracy of an audit conducted pursuant to a court-enforced arbitration award if the party refuses to cooperate in the auditor's investigation.[6] In the bankruptcy court, the debtors did not contest the auditor's testimony that the debtors did not cooperate in the audit. Nor did the debtors argue in the bankruptcy court that the information sought by the auditor was not available to them at the relevant time.[7] Instead, they argued that the failure to cooperate in an audit does not bar a later challenge to the accuracy of the resulting report. More precisely, the debtors argued that their failure to provide the auditor with necessary information merely shifts the burden of demonstrating that the audit report is inaccurate.

In making this argument, the debtors rely on cases decided under the Fair Labor Standards Act. Under these cases, where an employer keeps incomplete or inaccurate records, "an employee has

_____

[6] See Walters Sheet Metal Corp. v. Sheet Metal Workers Local No. 18, 910 F.2d 1565, 1567 & n.2 (7th Cir. 1990) ("[The damage] amount was set subject to a full audit of Walters' accounts. Walters, however, refused to let the auditor review its records in order to determine the accuracy of the amount. It now challenges this amount, effectively asking this court to do the task of the auditor. We refuse." (citation omitted)).

[7] To the contrary, the debtors based their argument that the audit report was inaccurate on a later examination of the relevant records. An affidavit submitted by Larry Williams indicates that, after the audit, he was able to determine the actual amount of the damages to the IBEW caused by his breach of the collective bargaining agreement.

8

carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 687-88 (1946); see also Skipper v. Superior Dairies, Inc., 512 F.2d 409, 420 (5th Cir. 1975). Once the employee carries his burden, "[t]he burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence." Anderson, 328 U.S. at 687-88; Skipper, 512 F.2d at 420.

We find that it would be inappropriate to extend this rule to the present case. As noted above, this is not a case in which the debtors simply failed to keep adequate records of the work performed in violation of the collective bargaining agreement. The debtors evidently possessed the records sought by the auditor but elected not to produce them. Having made this decision, the debtors cannot now complain about the resulting inaccuracies in the report.[8]

To ensure that a party found to be in violation of a collective bargaining agreement has an incentive to cooperate with

---

[8] Similarly, courts routinely permit the jury to draw an adverse inference from a party's bad faith suppression or destruction of material documents. See Caparotta v. Entergy Corp., 168 F.3d 754, 756 (5th Cir. 1999) (citing Vick v. Texas Employment Comm'n, 514 F.2d 734, 737 (5th Cir. 1975)).

auditors acting pursuant to a court-enforced arbitration award, we hold that, absent exceptional circumstances, the breaching party forfeits its right to challenge the accuracy of an audit if the party refuses to provide the auditor with information in its possession that is necessary to reach an accurate assessment of damages.  Because the debtors in this case failed to cooperate with the auditor in this manner, they were not entitled to challenge the auditor's report in the bankruptcy court.  We therefore conclude that the bankruptcy court appropriately granted summary judgment in favor of the IBEW with respect to its claim based on the second audit.

                                III

     For the reasons set out above, the judgments of the district court and bankruptcy court are

                                                    AFFIRMED.

10