**United States Court of Appeals**

**Fifth Circuit**

**F I L E D**

**November 1, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-10509
Summary Calendar
_____

In the matter of: JACQUELINE LEE SONNTAG

                                        Debtor.

JACQUELINE LEE SONNTAG,

                                        Appellant,

versus

ELDON PRAX,

                                        Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas, Fort Worth Division
USDC No. 4:04-CV-145-A
--------------------

Before WIENER, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

       Defendant-Appellant, Jacqueline Sonntag ("Sonntag"), appeals

the district court's affirmation of the bankruptcy court's

determination that attorney fees incurred during a child custody

dispute between Sonntag and her former husband are non-

dischargeable under 11 U.S.C. § 523(a)(5).  We affirm.

       The relevant facts are not in dispute. After the dissolution

_____

       [*]     Pursuant to 5TH CIR. R. 47.5, the Court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

of Sonntag's marriage to Plaintiff-Appellee, Eldon Prax ("Prax"), Prax was awarded custody of the parties' two children. The state court ordered Sonntag, the noncustodial parent, to pay child support and to reimburse Prax for half of the medical bills incurred by the children for which insurance coverage was not available. Sonntag then filed an unsuccessful suit to modify the custody arrangement ordered in the final decree of divorce, which resulted in the court ordering Sonntag to pay Prax attorney fees of $49,000 plus interest at the rate of 10 percent per annum.

Subsequently, Sonntag filed a petition for relief under Chapter 7 of the Bankruptcy Code. Prax then filed an adversary proceeding seeking declaratory judgment that Sonntag's obligations to pay child support, medical costs, and the attorney fees awarded in the custody suit were non-dischargeable under 11 U.S.C. § 523(a)(5). Sonntag did not contest that her obligation to pay child support and medical costs were non-dischargeable, but she denied that the claim for attorney fees and interest were non-dischargeable. Prax moved for summary judgment, and the bankruptcy court granted that motion. The district court affirmed.

We review the district court's summary judgment award de novo. Hudson v. Raggio & Raggio, Inc. (In re Hudson), 107 F.3d 355, 356 (5th Cir. 1997); see also Waggoner v. Garland, 987 F.2d 1160, 1163 (5th Cir. 1993). Because the parties do not dispute the pertinent facts, we must determine only whether Prax is

entitled to judgment as a matter of law.  See id.

Under 11 U.S.C. § 523(a)(5), any debt owed "to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record" is non-dischargeable.  Attorney fees awarded in connection with a child custody dispute are for the benefit of the parties' children, as the purpose of such  a proceeding is to determine who can provide the best home and environment for the children at issue. In re Hudson, 107 F.3d at 357; see also  Dvorak v. Carlson (In re Dvorak), 986 F.2d 940, 941 (5th Cir. 1993). Thus, such debts fall under the exception to dischargeability outlined in 11 U.S.C. § 523(a)(5).

Here, Sonntag's obligation to pay attorney fees falls squarely within the exception to dischargeability.  The amount owed to her former spouse is for the support and maintenance of the parties' children and was incurred in connection with an order of a court of record, as required by 11 U.S.C. § 523(a)(5). Accordingly, Sonntag's obligation to pay attorney fees is non-dischargeable, and the district court's judgment is AFFIRMED.