IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

F I L E D

June 22, 2006

Charles R. Fulbruge III
Clerk

_____

No. 04-60999

_____

In The Matter Of:     DONNA ROGERS,

Debtor.

_____

DONNA ROGERS,

Appellant,

versus

MARK ANTON MORIN,

Appellee.

_____

Appeal from the Unites States District Court
for the Southern District of Mississippi
(No. 3:01-CV-879)

_____

Before REAVLEY, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:*

In this bankruptcy proceeding, the debtor appeals from the bankruptcy court's grant of

summary judgment in favor of the creditor. Because, like the courts below, we hold that the debt is

_____

*Pursuant to 5th CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

- 1 -

not dischargeable, we affirm.

## I. FACTS AND PROCEEDINGS

The debt in question stems from a custody determination in a divorce proceeding before the Chancery Court of Scott County, Mississippi. At the outset of the proceeding, the chancellor initially awarded the wife, Donna Rogers, temporary custody over the couple's three-year-old daughter, Erin, subject to unrestricted visitation by the husband, Mark Morin. During the course of the proceeding, Rogers alleged that Morin had sexually abused Erin.

Pursuant to Mississippi law, the chancellor conducted a hearing on the abuse allegation as part of the overall custody determination. The abuse hearing lasted over two weeks and involved seventeen witnesses and over fifty exhibits. Morin incurred $29,388.25 in attorney's fees related to his defense of the sexual abuse allegation. Court costs, largely attributable to the cost of a guardian *ad litem* on Erin's behalf, reached $9,962.42. The chancellor concluded that Morin had not abused Erin and, under MISS. CODE § 93-5-23, awarded to Morin attorney's fees and costs, totaling $39,350.67, incurred in defending the abuse allegations. The chancellor based the award on Morin's successful defense of the sexual abuse claim and establishment of reasonable visitation rights. In addition, the chancellor awarded a lump-sum alimony payment from Morin to Rogers and on-going child support payments from Morin for Erin's benefit. As a result of the custody hearing, the chancellor finalized the temporary custody order.

After Morin attempted to collect the debt from Rogers, Rogers filed a Chapter 7 bankruptcy action.[1] Morin initiated an adversary proceeding, in which he contended that the debt was not

---

[1]Around this time, Rogers also sought review of the chancellor's order. The Mississippi Supreme Court affirmed the chancellor's order.

dischargeable under 11 U.S.C. § 523(a)(5). Rogers argued, as she does now on appeal, that because she is the custodial parent the debt cannot be for Erin's support and, therefore, is not exempt from discharge. The bankruptcy court disagreed, granted Morin's motion for summary judgment, and deemed the debt not dischargeable because it was in the nature of support for Erin. Rogers appealed to the district court, which affirmed the bankruptcy court on similar grounds. Rogers now appeals to this court.

## II. STANDARD OF REVIEW

This court reviews the bankruptcy court's order in the same manner as did the district court. *Hickman v. Texas (In re Hickman)*, 260 F.3d 400, 401 (5th Cir. 2001) (citing *AT&T Universal Card Servs. v. Mercer (In re Mercer)*, 246 F.3d 391, 402 (5th Cir. 2001) (en banc)). The bankruptcy court's summary judgment order is reviewed de novo. *First Am. Title Ins. Co. v. First Trust Nat'l Ass'n (In Re Biloxi Casino Belle Inc.)*, 368 F.3d 491, 496 (5th Cir. 2004) (citing *Williams v. Int'l Bhd. of Elec. Workers, Local 520 (In re Williams)*, 298 F.3d 458, 461 (5th Cir. 2002)). A bankruptcy court's grant of summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. *Id*. (citing FED. R. CIV. P. 56(c); BANKR. R. 7056). In an adversary proceeding challenging the discharge of a debt, the creditor has the burden to prove by a preponderance of the evidence that the debt is not dischargeable. *Grothues v. IRS (In re Grothues)*, 226 F.3d 334, 337 (5th Cir. 2000) (citing *Grogan v. Garner*, 498 U.S. 279, 287 (1991)). "If the moving party meets its burden, the non-movant must designate specific facts showing there is a genuine issue for trial." *Zer-Ilan v. Frankford (In re CPDC, Inc.)*, 337 F.3d 436, 441 (5th Cir. 2003) (citing *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc)).

### III.  DISCUSSION

**A.      Nature of the debt**

Rogers contends that the bankruptcy court and district court erred in determining that the debt

was in the nature of support because those courts did not employ the factors set out in *Dennis v.*

*Dennis (In re Dennis)*, 25 F.3d 274, 279 (5th Cir. 1994).  Rogers's argument fails for two reasons.

First, the debt in *Dennis* involved the payment of a portion of the ex-husband's pension in support

of the ex-wife; support of a child was not in question.  Second, this circuit and the majority of other

circuits have plainly held that debts like the one at issue are in the nature of support of the child.

At the time of Rogers's bankruptcy, 11 U.S.C. § 523(a)(5) provided:

> A discharge under . . . this title does not discharge an individual
> debtor from any debt . . . to a spouse, former spouse, or child of the
> debtor, for alimony to, maintenance for, or support of such spouse or
> child, in connection with a separation agreement, divorce decree or
> other order of a court of record, determination made in accordance
> with State or territorial law by a governmental unit, or property
> settlement agreement, but not to the extent that . . . such debt includes
> a liability designated as alimony, maintenance, or support, unless such
> liability is actually in the nature of alimony, maintenance, or support
> . . . .[2]

There is no question that the debt arose "in connection with a . . . divorce decree" and that

the chancellor's order was a "determination made in accordance with State . . . law." Accordingly,

to determine whether the debt is exempt from discharge under § 523(a)(5), the essential question is

whether the "liability is actually in the nature of alimony, maintenance, or support."  This court's

precedent dictates that the liability is in the nature of support of Erin, and, as such, the debt is exempt

---

[2]Rogers initiated bankruptcy proceedings in November 1999.  Section 523(a)(5) has since been amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub L. No. 109-8, § 215(1)(A), 119 Stat. 23, 54 (2005).

from discharge.

This circuit has been clear on the nature of the debt involved: "A court ordered obligation to pay attorney fees charged by an attorney that represents a child's parent in child support litigation against the debtor is non-dischargeable." *Hudson v. Raggio & Raggio, Inc. (In re Hudson)*, 107 F.3d 355, 357 (5th Cir. 1997). The same holds true as to debts incurred in the adjudication of custody disputes. *See Dvorak v. Carlson (In re Dvorak)*, 986 F.2d 940, 941 (5th Cir. 1993) (holding that under § 523(a)(5) attorney's fees and court costs from a custody hearing were not dischargeable because the "court hearing . . . was for [the child]'s benefit and support"). *See also Sonntag v. Prax (In re Sonntag)*, 115 F. App'x 680, 682 (5th Cir. 2004) ("*Sonntag II*") (per curiam) ("Attorney fees awarded in connection with a child custody dispute are for the benefit of the parties' children, as the purpose of such a proceeding is to determine who can provide the best home and environment for the children at issue."), *aff'g* No. 4:04-CV-145-A, 2004 WL 764728 (N.D. Tex. Apr. 7, 2004) ("*Sonntag I*").

Regarding the nature of the debt involved, the *Hudson* court reasoned that "[b]ecause the ultimate purpose of such a proceeding is to provide support for the child, the attorney fees incurred inure to her benefit and support, and therefore fall under the exception to dischargeability set out in § 523(a)(5)." 107 F.3d at 357. The majority of other circuits agree that "custody actions are directed towards determining which party can provide the best home for the child and are, therefore, held for the child's benefit and support." *Lowther v. Lowther (In re Lowther)*, 266 B.R. 753, 757 (B.A.P. 10th Cir. 2001) ("The majority of circuit courts addressing this issue have reached similar conclusions.") (collecting cases), *aff'd*, 321 F.3d 946 (10th Cir. 2002). The nature of the debt in question here is no different.

The attorney's fees and court costs that make up the debt arose as a direct result of the adjudication of Rogers's allegations of sexual abuse by Morin. The abuse hearing formed a part of the overall custody determination. The resolution of the abuse allegations and determination of whether Morin should be permitted reasonable rights of visitation plainly were for Erin's benefit and well-being: the chancellor made custody and visitation determinations based on Erin's needs after determining that Morin had not abused her. As such, under this court's precedent, the liability incurred from the proceedings is a debt that is in the nature of support for Erin. In light of *Hudson* and *Dvorak*, the bankruptcy court and the district court did not err in holding that the debt was in the nature of support.

**B.    Unusual circumstances**

Rogers urges the court to follow the Tenth Circuit and recognize an exception to the exemption from discharge under § 523(a)(5) where "unusual circumstances exist." *See Lowther*, 266 B.R. at 757 (citing *Jones v. Jones (In re Jones)*, 9 F.3d 878, 881 (10th Cir. 1993)). Rogers identifies as an unusual circumstance the fact that she was awarded custody, but the chancellor assessed the attorney's fees and court costs against her. As the custodial parent and debtor, she continues, if the debt is not discharged, the effect of the ruling would be to "take food out of the mouth of the minor child."

Rogers identifies no cases from this circuit holding that the presence of unusual circumstances permit an otherwise non-dischargeable debt to be discharged. Nor does Rogers provide support for her proposition that a custodial parent's debt to the non-custodial parent necessarily constitutes unusual circumstances. To the contrary, as the district court identified, cases from outside this circuit show that the debtor's status as the custodial parent is irrelevant to whether the debt is dischargeable.

*See, e.g., Swartzberg v. Lockwood (In re Lockwood)*, 148 B.R. 45, 47 (Bankr. E.D. Wisc. 1992) (holding that the debtor's status as custodial parent does not necessarily preclude the denial of discharge under § 523(a)(5)); *Wedgle & Shpall, P.C. v. Ray (In re Ray)*, 143 B.R. 937, 939 (D. Colo. 1992) (reversing the bankruptcy court's discharge of debt because, "in determining whether attorney fees are nondischargeable under § 523(a)(5), the bankruptcy court should have focused on the character of the underlying proceedings, not [on] who was to have been paid the attorney fees, since the putative beneficiary of the award is, in fact, the child").

In this circuit, Rogers's *Lowther* argument has been rejected implicitly. In *Sonntag II*, this circuit considered whether one parent's debt to the other parent could be discharged under § 523(a)(5). 115 F. App'x at 681. The debtor-parent argued that this circuit should adopt the Tenth Circuit's unusual circumstances rationale from *Lowther* because deeming the debt not dischargeable would negatively affect the debtor-parents ability to support the child. Without commenting on the *Lowther* argument, the panel simply cited *Hudson* and *Dvorak* for the proposition that "[a]ttorney fees awarded in connection with a child custody dispute are for the benefit of the parties' children, as the purpose of such a proceeding is to determine who can provide the best home and environment for the children at issue" and held the parent's debt not dischargeable under § 523(a)(5). *Sonntag II*, 115 F. App'x at 682.

While the *Sonntag II* panel did not address the argument now before the court, the district court, in *Sonntag I*, squarely addressed, and rejected, the debtor-parent's *Lowther* argument Rogers now advances:

> The United States Court of Appeals for the Fifth Circuit has interpreted § 523(a)(5) to include court-ordered payment of attorneys' fees incurred in post-divorce/child custody litigation. The Fifth

> Circuit has not allowed, much less alluded to, any exception to its strict interpretation of the statute.
>
> Appellant argues that the court should follow the reasoning of the Tenth Circuit in [*Lowther*]. There, the Tenth Circuit determined that an exception to the general rule of nondischargeability exists in "unusual circumstances." There, unusual circumstances were found to exist based on the bankruptcy court's fact findings that payment of court-ordered attorney's fees "would essentially negate the support payments awarded by the state court [to the debtor] for at least five years and would clearly affect her ability to financially support the child." The court is not persuaded that the Fifth Circuit, having spoken so plainly in *Dvorak* and *Hudson*, would follow the Tenth Circuit.

*Sonntag I*, 2004 WL 764728, at *2 (internal citations omitted).

The district court, in *Sonntag I*, continued noting that, even assuming the circuit did adopt the *Lowther* rationale, the debtor-parent would have failed to establish the unusual circumstances alleged: "[Debtor-parent] did not request the bankruptcy court to make any fact findings and the record would not support the kind of findings necessary to meet the Tenth Circuit's test in any event." *Sonntag I*, 2004 WL 764728, at *2. The same shortcoming is demonstrated in the record before this court.

On summary judgment, Morin established as a matter of law that the debt is not dischargeable under § 523(a)(5) because at the time it was incurred, the debt was in the nature of support for Erin. Even if the court decided to adopt the unusual circumstances rationale, Rogers failed to identify in the record specific facts of actual hardship to Erin to support her special circumstances argument. And while she now requests remand to develop her allegations of hardship, the time to do so has passed. *See Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991) (holding that allegations of factual issues may not be raised for the first time on appeal).

Because Rogers does not qualify for relief under *Lowther*, we decline to decide whether to endorse or reject the Tenth Circuit's rationale.  For our purposes it is enough to hold that the debt is not dischargeable because it is in the nature of support for Erin and that Rogers has failed to identify facts to support her special circumstances argument.

## IV.  CONCLUSION

Finding no error, we AFFIRM.