# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 30, 2009

Charles R. Fulbruge III
Clerk

No. 08-20147
Summary Calendar

In the Matter Of: ANNE M MCCLOSKEY; MICHAEL A CRAIG

Debtors

--------------------

CHRISTOPHER J MCCLOSKEY

Appellant

v.

ANNE MIRIAM MCCLOSKEY; MICHAEL A CRAIG

Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:07-cv-2381

Before SMITH, STEWART, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

The sole issue properly before this court in this bankruptcy appeal is whether the district court erred in affirming the bankruptcy court's conclusion that an attorney's fee award was not dischargeable in bankruptcy pursuant to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

11 U.S.C. § 523(a)(5). In bankruptcy appeals, we "perform the same function as did the district court: Fact findings of the bankruptcy court are reviewed under a clearly erroneous standard and issues of law are reviewed *de novo*." *Nationwide Mut. Ins. Co. v. Berryman Prods.*, 159 F.3d 941, 943 (5th Cir.1998) (citation omitted). This court reviews a grant of summary judgment *de novo*. *Evans v. City of Houston,* 246 F.3d 344, 347 (5th Cir. 2001). Summary judgment is appropriate when "the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c).

A domestic support obligation is not dischargeable from debt in bankruptcy. 11 U.S.C. § 523(a)(5); *see generally In re Hudson*, 107 F.3d 355, 357 (5th Cir. 1997) ("A court ordered obligation to pay attorney fees charged by an attorney that represents a child's parents in child support litigation against the debtor is non-dischargeable.") (citation omitted); *In re Sonntag*, 115 F. App'x 780, 681-82 (5th Cir. 2004) (unpublished) ("Attorney fees awarded in connection with a child custody dispute are for the benefit of the parties' children . . . . Thus, such debts fall under the exception to dischargeability outlined in 11 U.S.C. § 523(a)(5).").

While this case was pending on this appeal, the Texas Court of Appeals entered an opinion holding that "[b]ecause this is not a case of child support enforcement, the trial court erred in characterizing the attorney's fees as child support." *McCloskey v. McCloskey*, No. 14-06-00470-CV, at 4 (Tex. Ct. App. Apr. 2, 2009). The appellate court modified the trial court judgment to "delete any reference to the characterization of attorney's fees as 'additional child support.'" *Id.*[1] Because the Texas Court of Appeals held the trial court's characterization

---

[1] By letter dated July 30, 2009, we requested that the parties file letter briefs addressing whether the judgment on appeal should be vacated and remanded to the bankruptcy court in light of the Texas Court of Appeals' decision filed on April 2, 2009.

of the attorney's fee award as child support to be in error, we vacate the judgment and remand this cause to the bankruptcy court to determine whether the attorney's fee award is dischargeable in bankruptcy.

VACATED and REMANDED.

---

Appellant McCloskey filed a letter brief, but he devotes most of the brief arguing that the debt has already been paid, that the fees are based on an assignment that is prohibited, and that the Appellees have violated the automatic stay. These issues are outside our review on this appeal. Appellees did not file a letter brief.